(C.D. 4223)

KURT ORBAN COMPANY, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Dated May 25, 1971)

*Samuel Frankel* for the plaintiff.

*L. Patrick Gray, III*, Assistant Attorney General (*Harold L. Grossman*, trial attorney), for the defendant.

Before RAO and NEWMAN, Judges

NEWMAN, Judge: Plaintiff has moved the court for an order:

1. Modifying our decision and judgment and for a rehearing in *Kurt Orban Company, Inc.* v. *United States*, 66 Cust. Ct. 187, C.D. 4188 (1971), wherein we sustained the protest in part; and

2. Granting plaintiff permission to offer oral argument.

The motion will be denied.

The merchandise involved in this case consists of certain 6 and 10 gauge galvanized wire, classified as galvanized round steel wire under paragraph 316(a) of the Tariff Act of 1930, as modified, and claimed by plaintiff to be properly dutiable under the provision in paragraph 317 of said tariff act, as modified, for galvanized wire, n.s.p.f. *of the kind commonly used for fencing purposes.*

Four purchase orders covered the importation:

> Order 750–H—6 gauge redrawn wire
> Order 751–H—6 gauge hard drawn wire
> Order 746–H—10 gauge redrawn wire
> Order 747–H—10 gauge hard drawn wire

In our decision and judgment of March 22, 1971, we sustained the protest in part, finding that the wire covered by order 747–H was "of the kind commonly used for fencing purposes", viz., farm-field fencing. The wire covered by the other three purchase orders, which was "redrawn", and/or would have required regalvanizing after fabrication into chain-link fencing to meet commercial and industrial standards, was found not to be "of the kind commonly used for fencing purposes". This court further held that the record failed to establish that the imported wire was commonly used for resin-coated fencing.

We shall adhere to our decision and judgment for all of the reasons previously expressed in our opinion, but wish to comment here on

certain matters presented in plaintiff's memorandum supporting its motion.

The issue presented in this proceeding is essentially one of fact: is the imported wire "of a kind commonly used for fencing purposes?" Plaintiff, of course, had the burden of proof. As triers of the facts, we found the preponderance of credible evidence favorable to defendant respecting the wire covered by three of the purchase orders.

From the moving papers, it appears plaintiff is under the impression that its claim was overruled *as a matter of law* because the merchandise was redrawn wire and/or had to be regalvanized. We wish to make clear here that, after careful consideration of the evidence presented by both parties at the trial, we found in the original opinion—only as a *fact*—that the wire covered by purchase orders 750-H, 751-H and 746-H was not "of the kind commonly used for fencing purposes".

Turning now to some of the specific arguments presented in plaintiff's memorandum, and our conclusions thereon:

*First*, since the redrawn wire was redrawn *before it was imported*, it was not redrawn wire "in its condition as imported".

Since the wire was redrawn abroad, it was obviously redrawn wire when imported.

*Second*, redrawn wire is suitable for fencing purposes.

We simply point out that the issue before the court was not whether or not the merchandise was *suitable* for fencing purposes.

*Third*, paragraph 317 does not expressly exclude redrawn wire, and thus the court read an additional requirement into the law.

It is certainly true that paragraph 317 is silent as to redrawing, just as it is silent as to all other factors relevant to whether particular wire is commonly used for fencing purposes. Inasmuch as the court found as a *fact* that redrawn wire was not commonly used for fencing purposes, no exclusion, as a matter of law, was read into the statute.

*Fourth*, the weight of the evidence respecting the redrawn wire was in favor of plaintiff.

Our analysis of the evidence is fully set forth in the original opinion.

*Fifth*, the court should have found that 6 guage wire was commonly used for other types of fencing than chain-link fencing.

Plaintiff cites no portion of the record, either documentary or testimonial, that would support a finding in its favor.

Plaintiff places great emphasis on what the record *does not show*, rather than on facts affirmatively proven. As plaintiff puts the matter: "[W]hat is not in the record is more eloquent than what is in the record". If plaintiff did not have the burden of proof in this case, its argument might have some plausibility. However, it is emphasized that plaintiff has not called to our attention any evidence

in the record that was ignored or overlooked. Plainly, what facts may or may not exist *outside the record* cannot assist plaintiff here.

Finally, we offer this brief comment concerning plaintiff's request for oral argument of its motion. Plaintiff has made its position in this case clear: initially at the trial, then in its post-trial brief, then in a reply brief, and now in a memorandum supporting its present motion. We do not believe that further argument, oral or written, would present anything new for our consideration. Obviously, the *testimony* presented in this case cannot be changed by oral argument.

Plaintiff's motion is denied in all respects, and an order will be issued accordingly.